(14 Misc. Rep. 527.)

GILBERTSON v. FORTY-SECOND ST., M. & ST. N. A. RY. CO.

(Common Pleas of New York City and County, General Term.  December 2, 1895.)

TRIAL—INSTRUCTIONS—CONCLUSIONS FROM TESTIMONY.
    In charging the jury, it is error for the court to state its conclusions from the testimony of a witness.

Appeal from trial term.

Action by Mary L. Gilbertson against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railway Company for personal injuries.  From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendant appeals.  Reversed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

Charles Strauss, for appellant.
Samuel H. Randall, for respondent.

DALY, C. J.  The plaintiff claimed to have sustained severe injuries, among them a fracture of the left hip, from a fall occasioned, as alleged, by the starting of the car from which she was alighting, after it had been first stopped at her request.  Two physicians were called on her behalf to testify to the injuries from which they found her suffering.  One of them, Dr. Good, found a shortening and eversion (turning outwards) of her leg, and came to the conclusion that she had an impacted fracture of the neck of the thigh bone; that is, that the neck of the bone had been driven into the head. Two physicians were called by defendant, who gave it as their opinion that the fracture was not caused by the fall.  In charging the jury the learned trial judge said:

"But it is denied by the defendant that this fracture was the effect of the fall.  You have heard two medical men on the stand as witnesses, who swore that in their opinion that fracture, which is the main hurt which she complains of, could not possibly have been caused by this fall.  You have heard the opinion of the gentleman who attended her, Dr. Good, that it was; that that fall was the cause of that fracture.  In coming to your opinion upon that subject, ask yourselves, is there any evidence in the case of any other cause of that fracture?  If there be any evidence of any other cause of that fracture, then you will say which of these was the cause."

At the close of the charge the defendant's counsel took several exceptions, among them the following:

"I except further to your statement of the statement, or its effect, of Dr. Good, to the fact that the injury to the thigh bone was the result of the fall."

An examination of the testimony of Dr. Good does not disclose that he gave any opinion as to the cause of the fracture. He was examined and cross-examined at length, and recalled to the stand for further questions, and the jury may have taken the statement in the charge as the legal conclusion from his whole testimony.  This undoubtedly affected their verdict, and, the error having been pointed out by a timely exception, the judgment will have to be reversed,

and a new trial ordered. This conclusion is reached without hesitation, because there are good grounds for holding that the verdict of $10,000 recovered by the plaintiff is excessive. The plaintiff, a lady of 60 years, capable of earning three or four dollars a week, and afflicted with injuries which may be permanent, was undoubtedly entitled to substantial damages for the injury she sustained. But the jury were evidently influenced by the suggestion of insurance by the defendant against liability for the negligence of its employés, and the verdict represents, not their estimate of a just compensation to the plaintiff, but their prejudice against such forms of insurance. In view of the action of the courts with regard to excessive verdicts, we would, in any event, have been required, I think, to reduce this one.

Judgment reversed, new trial ordered, with costs to abide the event. All concur.